UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CANAMBO, LLC, d/b/a The BlueLine Nightclub, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 13-1452 |
| CITY OF BLOOMINGTON, ROBERT A. WALL, PETE AVERY, SCOTT WOLD, EDWARD SCHUMAKER, TY CARLTON, R.T. FINNEY, and CERTAIN UNKNOWN OFFICERS AND AGENTS of the City of Bloomington, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**O R D E R**

On November 13, 2013, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. Plaintiff has filed a timely Objection, and this Order follows.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging that Defendants violated his constitutional rights by entering his nightclub and ordering that it be closed for lack of a liquor license despite the fact that he had renewed the liquor license earlier in the day. Unknown officers and agents are alleged to have entered the nightclub the following evening and again stated that Plaintiff had no valid liquor license, damaging the nightclub's reputation and business.

The parties agree that Count I (state law defamation) is barred by § 2-210 of the Illinois Tort Immunity Act, 745 ILCS 10/2-210, and the sufficiency of Count III (42 U.S.C. § 1983) is not challenged. Count II alleges a state law claim for intentional interference with a business

expectancy, and Count IV alleges a § 1983 due process claim.  Plaintiff does not object to the recommendation that Count IV should be dismissed for failure to state a claim, leaving the viability of Count II as the only issue requiring resolution by the Court.

Section 2-201 provides in relevant part:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

The Magistrate Judge found that the police officers were performing discretionary functions in implementing the City's liquor license regulations when they ordered the closure of Plaintiff's nightclub for lack of a valid liquor license.  It was also recommended that the City would be immune from suit pursuant to 745 ILCD 10/2-109 based on the officers' lack of liability.

Plaintiff objects, arguing that the officers were not determining policy in closing down his nightclub, as the Assistant Chief of Police has admitted that the Police Department does not have a policy for shutting down bars under these circumstances; rather, their job is to provide documentation for subsequent administrative proceedings.  However, the Court finds that this admission actually works against Plaintiff.

To be immune from suit under § 2-201, the act must be both an act of discretion and a policy decision.  Harinek v. 161 N. Clark St. Ltd. P'ship, 181 Ill.2d 335, 692 N.E.2d 1177, 1181 (1998); Reed v. City of Chicago, 2002 WL 406983, at *2 (N.D.Ill. March 14, 2002).  A policy decision is defined as one that requires the actor "to balance competing interests and to make a judgment call as to what solution will best serve each of those interests."  Id.  "The conduct can be a determination of policy even if it does not occur at the planning level or involve the formulation of principles to achieve a common public benefit.  Reed, 2002 WL 406983, at *2, *citing* Harrison v. Hardin County

Community Unit School Dist. No. 1, 197 Ill.2d 466, 758 N.E.2d 848 (2001).  By contrast, a non-discretionary, ministerial duty is "absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it, prescribes and defines the time, mode and occasion for its performance with such certainty, that noting remains for judgment or discretion."  In re Chicago Flood Litigation, 176 Ill.2d 179, 680 N.E.2d 265, 272 (1997).

The Assistant Police Chief's statement that there was no departmental policy for shutting down nightclubs under the circumstances present in this case makes it clear that rather than executing a set, absolute directive, the officers acting in this case were balancing competing interests and making their own discretionary judgment call in determining how to proceed.  Accordingly, the Court agrees with the Magistrate Judge that in closing the nightclub, Defendants were making a discretionary, albeit misguided and ill-advised, determination of policy and are therefore immune from suit under § 2-201.  As a result, the City is also immune under § 2-109.

## CONCLUSION

For the reasons set forth above, Plaintiff's Objections [9] are OVERRULED.  The Report and Recommendation of the Magistrate Judge [8] is ADOPTED in its entirety, and the Motion to Dismiss [2] is GRANTED.  Counts I, II, and IV of the Complaint are DISMISSED, and Defendants are directed to answer Count III within 21 days of this Order.

ENTERED this 22nd day of November, 2013.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge